**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | :    **MAG. NO. 20-49 (RMM)** |
| | : |
| **TIMOTHY TAYLOR,** | : |
| | : |
| **Defendant.** | : |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute. The government additionally requests the defendant's detention pursuant to 18 U.S.C. § 3142 (f)(1)(D), for reasons to be proffered at the bench at the combined preliminary hearing/detention hearing. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I. Procedural History

The defendant is charged by criminal complaint with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At the initial appearance on March 20, 2020, the government orally moved for detention pending trial pursuant to the first two above-referenced provisions of the federal bail statute, which was granted by the Court. The Court set a combined preliminary hearing and detention hearing for Monday, March 23, 2020.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses Charged

At the combined preliminary hearing and detention hearing, the government expects MPD Officer Sean Billies to testify to the following facts. On Wednesday, March 18, 2020 at approximately 10:25 p.m., Officer Billies, Officer Clarke and Officer Branch from the

2

Metropolitan Police Department (MPD) 7th District responded to a call for sounds of gunshots on the 4300 block of 3rd Street, S.E., in Washington, D.C. The location is an apartment complex consisting of several buildings connected by a parking lot. The officers located and recovered a projectile near 4311 3rd Street, S.E., which was recovered by an MPD crime scene officer. The MPD officers met with four private security officers who work at the location. The security officers attempted to locate video footage of the area but were unable to do so at the time, and the MPD officers left the scene.

The security officers then spoke with an employee from Urban Alarms, which provides security cameras for the location. The employee was able to access the security video and saw a male with long braids, a red bubble jacket, black jeans and a hospital mask firing a pistol. The male then went into the building at 4323 3rd Street, S.E., Unit 303.

At approximately 12:40 a.m., the employee from the alarm company contacted the security officers and advised that the male from Unit 303 was exiting the building and going toward the parking lot. The security officers then went to the parking lot and found the defendant, Timothy Taylor. The defendant is a black male, has long braids and was wearing a red bubble jacket, black jeans and a hospital mask – matching the description from the video. The security officers stopped the defendant and recovered a handgun from the left inside pocket of the defendant's jacket. The security officers then requested police assistance from Officer Branch, who was on the block, and Officer Billies and Officer Clarke returned to the scene.

The firearm recovered from the defendant's jacket was identified as a Glock 17 9mm pistol with a serial number of BHGS518. At the time that the firearm was recovered, it was loaded with one (1) round in the chamber and twenty- nine (29) rounds in an extended magazine. The firearm

was reported stolen from a residence in Washington, D.C., in a burglary incident on December 5, 2019. The defendant was placed under arrest. There are no firearms or ammunitions manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have traveled in interstate commerce.

A criminal history check of the defendant revealed that the defendant has a prior criminal conviction for a crime punishable by more than one (1) year. Specifically, the defendant was convicted of unlawful possession of a firearm in D.C. Superior Court case number 2008 CF2 26018 and was sentenced to eighteen (18) months of incarceration. Therefore, the defendant was aware that this crime was punishable by more than one (1) year.

### B. Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is quite strong. The defendant came to the attention of law enforcement because he matched the lookout description of an individual suspected of discharging a firearm in the area of the 4300 block of 3rd Street, S.E., in Washington, D.C. The defendant is a black male, has long braids and was wearing a red bubble jacket, black jeans and a hospital mask at the time that he was stopped. Furthermore, the firearm in question was recovered directly from the defendant's person – that is his inside jacket pocket. Importantly, the firearm was loaded with one (1) round in the chamber and twenty-nine (29) rounds in an extended magazine.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of detention. This is not the defendant's first offense involving a firearm. The nature of the

defendant's criminal conduct has remained completely undeterred as evidenced by the defendant being on supervision at the time of the charged offense. The government refers the Court to the revised Pretrial Services Agency report dated March 20, 2020, at pages 3 and 4, and additional information that will be proffered at the bench at the time of the hearing on this matter. The defendant also has the following prior convictions:

- Possession of Unregistered Firearm/Unlawful Possession of a Firearm or Destructive Device (Washington, D.C., 2010)
- Attempted Possession with Intent to Distribute Cocaine (Washington, D.C., 2007)

The government submits that the defendant should not be released.

### D.     Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention.  At the time of the charged offense, the defendant was (and remains) on supervised probation as noted by the Pretrial Services Agency.  Additionally, the defendant has a history of non-compliance while on supervision.  In D.C. Superior Court case number 2008 CF2 2601, the U.S. Parole Commission revoked the defendant's supervised release and ordered an additional period of incarceration of thirty-six (36) months.  Similarly, in D.C. Superior Court case number 2007 CF2 6832, the defendant's probation was revoked on August 6, 2010, with an additional term of imprisonment of twelve (12) months followed by five (5) years of supervised release.  In that same case, on December 9, 2014, the U.S. Parole Commission revoked the defendant's supervised release again and sentenced him to additional term of imprisonment of thirty-six (36) months of confinement, with no new term of supervision to follow.  For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

TIMOTHY J. SHEA
UNITED STATES ATTORNEY
D.C. Bar No. 437437

By:   /s/ Lisa N. Walters
Lisa N. Walters
D.C. Bar No. 974-492
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
United States Attorney's Office for D.C.
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
E-mail: Lisa.Walters@usdoj.gov
Telephone: (202) 252-7499

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Dani Jahn via the Electronic Case Filing (ECF) system, this 20th day of March, 2020.

/s/
Lisa N. Walters
Assistant United States Attorney